UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STEPHEN B. WRIGHT                    CIVIL ACTION NO. 12-cv-2002

VERSUS                               JUDGE STAGG

WARDEN, WINN CORRECTIONAL            MAGISTRATE JUDGE HORNSBY
CENTER

## REPORT AND RECOMMENDATION

**Introduction**

Stephen Wright ("Petitioner") received sentences in Bossier, Union, and Caddo Parishes for convictions of possession of a firearm by a felon, escape, and a Schedule II drug violation. He seeks federal habeas corpus relief based on his disagreement with the method the Department of Public Safety and Corrections ("the Department") used to calculate the effect on his sentence of good time credit earned for participating in an educational program. For the reasons that follow, it is recommended the petition be denied.

**Background**

Louisiana Revised Statutes 15:571.3(B) provides generally for the earning of a diminution of sentence by good behavior, known as good time, by Louisiana inmates. The basic rate is 30 days of good time for every 30 days in actual custody. The statute provides that the Secretary of the Department shall establish regulations for awarding and recording good time and shall determine when good time has been earned.

Another statute, La. R.S. 15:828(B), provides that the Secretary shall adopt rules and regulations to encourage voluntary participation by inmates in education, job skills training, and other programs offered in the prisons. It states that the rules and regulations adopted by the Secretary "may include provisions for furloughs or good time, in addition to the provisions of R.S. 15:571.3(B)" for eligible prisoners.

The Secretary enacted departmental regulation B-04-033 to address educational good time credits. The regulation provides that the Secretary's policy is that no inmate will be granted a furlough, but good time credits will be awarded 10 days per calendar month of full-time assignment to an educational or certified program.

Petitioner completed a seven and a half month vocational training program in auto body while at the Winn Correctional Center in 2008. He contends that he earned 60 days of credit but, due to the method by which the Department calculated the application of the credits, his actual time served was shortened by only 30 days. The Department began its calculation with Petitioner's full-term release date, then deducted the educational good time, and then predicted a release date after applying the "regular good time" law to the remaining sentence. Petitioner argued in a grievance that this method of calculation resulted in his actual time served being reduced by only 30 rather than 60 days. The administrative remedy request was denied.

Petitioner filed suit in the 19th Judicial District Court, which is the proper venue for such good time calculation disputes. A Commissioner recommended the petition be denied. He noted that there was another method of calculation that could have been used by the

Department that would have resulted in a greater benefit from the educational good time credits, but the mere existence of that more beneficial method did not require the Department to use it. The Commissioner also noted that the method used by the Department had been approved in Estrade v. Stalder, 961 So.2d 492 (La. App. 1st Cir. 2007). The district judge adopted the recommendation.

Petitioner pursued his case to the First Circuit Court of Appeal. That court stated that it agreed with the Commissioner's analysis and pointed out that it had rejected a similar challenge to the calculation method in its decision in Estrade. The Supreme Court of Louisiana denied writs without comment. Petitioner then filed his federal petition.

**Analysis**

Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

The Estrade decision reviewed in detail the applicable statutes and regulation and discussed the competing calculation methods. The majority decision agreed with a commissioner's recommendation that the Department is entitled to determine the method by which educational good time is credited, credits were awarded, and there was nothing in the statutes to render the method used arbitrary, capricious, or in excess of statutory authority.

One member of the five-judge panel concurred to discuss the calculation methods in more detail. Another judge concurred to comment that it was "foolish for DOC not to fully implement the educational good-time incentive (apparently so it will be easy to count), but it would seem to be within their discretion." One judge dissented and argued that the prisoner should receive the maximum potential credit, considering Louisiana's high prison population and the need to provide inmates with incentives to better themselves.

Petitioner argues that the state courts in his case ignored the plain language of the statutes and Department regulation, disregarded legislative intent, and used an arbitrary computation method. He also contends the Estrade decision was based on a lack of necessary information, his case is distinct from Estrade, and the method used to calculate education credits is not uniformly applied to other supplemental good time statutes.

All or most of Petitioner's argument is that the state courts mistakenly applied state law, and he asks this federal court to set the state courts straight on how their statutes and regulations should be interpreted. The Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.' " Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. The Fifth Circuit has also emphasized that a "federal court lacks authority to rule that a state court incorrectly interpreted its own law." Charles v. Thayler, 629 F.3d 494, 500-01 (5th Cir. 2011). The federal habeas court does not sit as a "super state supreme court" to review alleged errors of state law. Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991). Rather, a federal court "shall entertain an application

for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, it is irrelevant whether this court agrees or disagrees with the state court's interpretation of the good time statutes and regulation. It simply may not grant habeas relief on Petitioner's arguments that the state courts misapplied state law.

Petitioner makes a one-sentence argument in his memorandum filed in the state court and here that, under La. R.S. 15:828(B), "good conduct time actually reduces an inmate's sentence, giving rise to a protected liberty interest under the due process clause of the Fourteenth Amendment. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974)." Whether a liberty or property interest is created by such state law provisions is an often difficult area for courts to decide. But determining whether there is a protected liberty interest is merely a threshold question in a due process challenge. Assuming there is a protected liberty interest, that does not mean Petitioner's wish will be granted that a federal court will conduct a de novo review of the state court's decision on how to interpret state law. Rather, it means Petitioner may not be deprived of that interest without the State affording him adequate procedural rights. See Cleveland Board of Education v. Loudermill, 105 S.Ct. 1487, 1493 (1985). In Wolff v. McDonnell, for example, the Court addressed the procedures required by the Due Process Clause when prison officials sought to diminish good time credit based on misconduct by the prisoner. The required process included written notice of the claimed violation, a written statement of the fact-finders as to the evidence

relied upon and reasons for the disciplinary action, and the opportunity of the inmate to call witnesses and present evidence when not unduly hazardous to institutional safety. The Court held that due process did not require the ability to cross-examine witnesses or have counsel at the hearing.

Petitioner was afforded a multi-step administrative review process that resulted in written decisions by Department officials. He was then allowed to challenge those decisions in the state court system from bottom to top. Petitioner has not identified any procedural safeguard that he was not afforded that the Supreme Court has held is required in cases of disputes about calculation of good time credits. Accordingly, the state court's rejection of the due process claim, albeit without specifically speaking to the claim, was not an unreasonable application of clearly established federal law as determined by the Supreme Court. Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (presuming state court adjudicated federal claim on the merits in the absence of any indication to the contrary). Habeas relief is not permitted on this claim.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for habeas corpus relief be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of December, 2013.

*Mark L. Hornsby*
U.S. Magistrate Judge